Gasron, J.
 

 The plaintiff claims the negro in dispute as the issue of a female slave named Tabby, which was born after the making of the will and before tho death of Daniel Ellington, and was the child oí a negro woman named Sylvia, belonging to the said Daniel. He charges, that Tabby, by the will of Daniel Ellington, was bequeathed to his daughter, Betsey S. Guerant, for life, with remainder to her children. The bequest, under which this claim is asserted, is in these words : “ I lend to my daughter, Betsey S. Guer-ant,
 
 one negro woman
 
 and her increase that she may
 
 hereafter
 
 have, one negro girl named Jinny, during her life, and after her death, I give
 
 them
 
 and their increase to be equally divided among the heirs of her body.” It must be conceded, and indeed it has not been denied upon the argument here, that the words “her increase that she may
 
 hereafter
 
 have” do embrace such increase as might be born after the making of the will and before the death of the testator.
 
 Covington
 
 v
 
 McEntire, 2
 
 Ired. Eq. Rep. 316. Now such a disposition puts it beyond doubt, that the testator, in this bequest, contemplated to give a particular negro woman, which he
 
 then
 
 owned and the issue which
 
 she thereafter
 
 rnig-ht have. The legacy is clearly, therefore, on its face a specific legacy. But the testator has not named this negro woman, nor so described her that she can, by that description, be distinguished from any others that he owned. To remove this difficulty, the plaintiff was permitted to shew, that the plaintiff owned no negro but Sylvia, except such as were by name given away in the same will to other persons ; so that Sylvia was the
 
 only one
 
 which could, without violence to the will, be the subject of this bequest. And it seems to us, that this evidence was properly received. It was not offered to explain, control, alter or add to the dispositions expressed in the will, but simply to apply those dispositions to the subject matter thereof, to identify the things therein given. If the testator had owned but the one negro woman,
 
 *371
 
 there would have been no ambiguity. But the fact of his owning more raises the ambiguity, and the same kind of tes-timón y, which creates, is fit to be used for removing, ambi-guides.
 

 The position taken on the part of the defendant in the court below, that, under the bequest in question, an absolute estate in the negroes therein mentioned passed to Betsey Guerant, has been here abandoned. According to
 
 Swain
 
 v
 
 Rascoe,
 
 3 Ired. 200, she took but an estate for life, and her children took the remainder as purchasers.
 

 There is a remaining question. Was the judge correct in holding, that, if the evidence were credited by the jury, there had been in law such an assent on the part of Ellington’s executor as to perfect the right of Betsey Guerant’s children under the will, and entitle the plaintiff to a verdict? This question, we think, is to be answered in the affirmative.
 

 As the law makes the executor, to the amount of the assets, answerable to every person having demands against the testator’s estate, it vests in him primarily the property in these assets. A bequest confers indeed a right on the legatee to the thing bequeathed, which is transmissible to his representatives. But until the executor consents that the bequest shall take effect, this right is inchoate, imperfect and liable to forfeiture ; and it will not entitle the legatee to the possession of the thing given. If he take possession without the executor’s assent, he makes himself liable to an action of trover or trespass. When the executor assents to the bequest, .the legal interest, which he had in the thing bequeathed, ceases, and upon its ceasing, the entire property, both legal and equitable, becomes vested in the legatee. But the consent of the executor operates only to complete and perfect the previous inchoate and imperfect right of the legatee, and, when the legatee’s - right is thus perfected, he derives his legacy from the bounty of the testator, and takes only what was given and such interest therein as was given to him by the testator. The assent of the executor is not a conveyance or transfer of his legal interest. It gives no new
 
 *372
 
 title to the legatee, and, consequently, as to all that is not given by the will to the legatee, the assent is altogether nugatory. 1 Roper on Leg. 565, 566.
 
 Brunsley
 
 v
 
 Grant-
 
 ham, Plow. 526. Now in this case the evidence is full, that Guerant, the husband of the legatee for life, took the negro woman Sylvia and her child with the consent of the executor — thet he held the negro woman with such consent as being unquestionably bequeathed to his wife — and that he held with the same consent the child Tabby, which he claimed as passing under the same bequest, but under an engagement with the executor to give up the child, if it was insisted, on the part of one of the residuary legatees, she did not pass under that bequest. That is, the executor assented to the
 
 bequest
 
 — but would not take upon himself the responsibility of determining between the specific legatees and the residuary legatees, whether under the bequest Tabby passed or not. If she did pass, the specific legatees had his full consent to hold her. Now the most unqualified consent on his part could
 
 in law
 
 amount to no more ; and therefore this assent was fully sufficient to perfect whatever inchoate rights were given by that bequest. The executor’s legal interest was, by his consent, not to stand in the way of the enjoyment of these rights.
 

 Guerant having thus become the owner of the negro girl during his wife’s life, and her children having become the owners of the remaining interest in the said girl, he might, in any mode allowed by law for the disposition of slaves, have conveyed his temporary estate either to the executor or any other person ; but he could not convey, relinquish or-destroy, by any act of his,
 
 their
 
 interest. Upon the death of his wife, notwithstanding any act of his, with or without the concurrence of the executor, whose consent once given could not be retracted, their right to the possession of the slave commenced. But it is manifest upon the case, that no retraction of the executor’s assent, nor relinquishment of the rights of the legatees, was made or attempted to be made. The fórmale sale by the executor — the purchose thereat by Guerant — and the settlement by the residuary legatees were
 
 *373
 
 all parts of an arrangement, which for aught that appears was a perfectly honest arrangement, for buying in the alleged title of these- residuary legatees. If Tabby did not pass under the bequest to Betsey Guerant and her children, then the title of these legatees was good, and by this mode he would acquire it. If Tabby did pass under that bequest, he paid so much for his peace, and held by his title under that bequest.
 

 It is the opinion of the Court that the judgment of the Superior Court should be affirmed.
 

 Per Curiam. Judgment affirmed.